UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE MOREHEAD,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-0408- MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 6)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's February 12, 2016, complaint[1] is before the Court for screening.

I. **SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II. **PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

---

[1] When Plaintiff initiated this action on January 27, 2016, he asserted a portion of his allegations on a "Trust Account Withdrawal Order" form. (See ECF No. 1.) As a result, he was directed by the Clerk's office to file a complaint on the proper form, which he did on February 12, 2016. (ECF No. 6.) The Court screens this second, superseding complaint in this Order. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (an amended complaint supersedes the original complaint).

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff, who at all relevant times was an inmate housed at Kern Valley State Prison, brings suit against Defendants Officer Anderson, Officer Hough, Medical CO Cregular, and Medical Sergeant John Doe.

Plaintiff's claims can be summarized essentially as follows:

On December 10, 2015, Plaintiff was strip searched and placed on suicide watch in Cage #3. At this time, his personal clothing was taken from him. Later that day, Plaintiff was transferred to a hearing by a peace officer. This unidentified officer, who was responsible for Plaintiff's personal clothing, eventually lost or destroyed the clothing.

Each of the Defendants was present when Plaintiff's clothing was taken. Plaintiff seeks a return of his personal clothing and/or $50 (the value of the clothing).

### IV. ANALYSIS

#### A. Linkage

Plaintiff claims that all of the Defendants were present when his personal clothing was taken from him. While this may be true, this bare assertion is insufficient to link the Defendants to any unconstitutional conduct. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of hers rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must allege specific facts identifying the role of each Defendant in the confiscation of his personal clothing. If Plaintiff chooses to file an amended complaint, he must link each named Defendant to his claim.

#### B. Eleventh Amendment Immunity

Plaintiff does not clarify whether he is bringing suit against the Defendants in their official capacities. In the event that he is, Plaintiff's claim for damages is barred. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991).

#### C. Due Process

Plaintiff's complaint may be fairly read as asserting a due process claim. The Due Process Clause protects prisoners from being deprived of property without due process

1  of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected
2  interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).
3  However, while an authorized, intentional deprivation of property is actionable under the
4  Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing
5  Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754
6  F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by
7  a state employee does not constitute a violation of the procedural requirements of the
8  Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation
9  remedy for the loss is available," Hudson, 468 U.S. at 533.

10  Plaintiff claims that his personal clothing was confiscated while he was placed on suicide watch and that each of the Defendants was present when Plaintiff's clothing was lost and/or destroyed. Plaintiff's complaint, though, does not indicate whether the confiscation of his personal clothing was authorized and intentional or whether it was unauthorized. Allegations of essentially random and unauthorized deprivations of personal property do not allege a violation of a federal constitutional right. Although such unauthorized deprivations of personal property may amount to state law violations, they do not constitute federal due process violations. Plaintiff also fails to state whether there was a meaningful post-deprivation remedy for the loss of his property. Without these critical allegations, the Court must conclude that the complaint does not state a claim.

**V.    CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff fails to state a claim against any of the named Defendants. Plaintiff will, however, be granted leave to amend. If Plaintiff files a first amended complaint, it must state what each named Defendant did that led to the deprivation of his constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

"amended complaint supersedes the original" complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's February 12, 2016, Complaint (ECF No. 6) is dismissed for failure to state a claim;

2. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

3. Plaintiff's failure to file an amended complaint within thirty days will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   April 13, 2016              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE