UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE MOREHEAD,<br><br>    Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-0408- MJS (PC)**<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF NO. 23)**<br><br>**CASE CLOSED** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's First Amended Complaint for screening. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 23.)

**I.    SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff, who at all relevant times was an inmate housed at Kern Valley State Prison, brings a due process claim against Defendants Officer Anderson, Officer Hough, and Officer Loveall for the destruction or loss of Plaintiff's personal clothing.

### IV. ANALYSIS

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). This requirement is mandatory

regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate...can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The inmate must submit their appeal on the proper form, and is required to identify the staff member(s) involved as well as describing their involvement in the issue. See Cal. Code Regs. tit. 15, § 3084.2(a). These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id.

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. The PLRA's exhaustion requirement is not jurisdictional; it creates an affirmative defense that defendants must plead and prove. Id. However, "in those rare cases where a failure to exhaust is clear from the face of the complaint," dismissal for failure to state a claim is appropriate, even at the screening stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal"), overruled on other grounds by Albino, 747 F.3d at 1166; Sorce v. Garikpaetiti, 2014 WL 2506213 (S.D. Cal. June 2, 2014) (relying on Albino and dismissing the complaint on screening because "it is clear from

the face of [plaintiff's] pleading that he has conceded that he failed to exhaust all available administrative remedies ... before he commenced this action").

In the "Exhaustion of Administrative Remedies" portion of the form Amended Complaint filed by Plaintiff, Plaintiff states: "Yes it's at the (Second Level) of review of $50 … . Yes, I'm waiting on 3rd Level or any type of reimbursements so technically it's completed waiting on final response … ." First Am. Compl. 2.

Based on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of the First Amended Complaint, see Albino, 747 F.3d at 1169, the Court finds Plaintiff's case must be dismissed for failing to state a claim upon which any relief may be granted. Jones, 549 U.S. at 215; 28 U.S.C. § 1915A(b)(1). The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney, 311 F.3d at 1199).

While the Court typically grants leave to amend in a pro se cases, Plaintiff's clearly conceded failure to exhaust cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").

**V.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's action is DISMISSED WITHOUT PREJUDICE for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

Dated:   June 2, 2016                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE